UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————— X
SEAN BEST,                                              :
                                                        :
                        Plaintiff,                      :      13 Civ. 00163 (JPO)(SN)
                                                        :
        -against-                                       :      **THIRD AMENDED**
                                                        :      **COMPLAINT**
CITY OF NEW YORK DEPARTMENT OF                          :
CORRECTION, CLINTON CORRECTIONAL                        :      **JURY TRIAL DEMANDED**
FACILITY, DOWNSTATE CORRECTIONAL                        :
FACILITY, and DOES 1 THROUGH 50,                        :
                                                        :
                        Defendants.                     :
———————————————————————— X

       Plaintiff Sean Best ("Best" or "Plaintiff"), as and for his Complaint against Defendants, alleges as follows.

## NATURE OF THE ACTION

       1.     This is an action under 42 U.S.C. § 1983.  Plaintiff seeks compensatory damages for Defendants' failure to provide adequate medical care and denial of his due process rights, in violation of the Fourteenth Amendment to the United States Constitution.

       2.     From February 2009 until on or about January 26, 2010, Best was a pre-trial detainee in the custody and care of Defendants New York City Department of Corrections ("DOCS"), Clinton Correctional Facility ("Clinton"), and Downstate Correctional Facility ("Downstate").

       3.     As a direct result of the policies, practices, customs and procedures of DOCS, Clinton, and Downstate, and as a direct result of Defendants' deliberate indifference to his serious medical condition, Best was deprived of his constitutional right to appropriate medication, counseling, and care for a severe and persistent mental illness ("SPMI").  Does 1 through 50 acted with reckless disregard for the substantial risk posed by Best's SPMI by failing

to provide appropriate medication, counseling, and care to treat Best's SPMI.  As a result of Defendants' conduct, Best suffered physical injuries, mental anguish, and emotional distress.

4. As a direct result of DOCS's policies, practices, customs and procedures, Best was deprived of his constitutional right to due process of law.  DOCS and Doe Defendants employed by DOCS denied Best the right to call witnesses, to be confronted with the charges against him, and to receive a signed disposition at a disciplinary hearing to determine whether Best should be put in punitive segregation.  As a result of Defendants' conduct, Best suffered physical injury, emotional distress, and mental anguish.

5. At all times, Does 1 through 50 acted under color of state law.

## PARTIES

6. Plaintiff Sean Best is a 33-year-old man.  Since February 2009, he has been incarcerated in the State of New York.

7. Defendant DOCS is a New York City agency and a person subject to suit within the meaning of 42 U.S.C. § 1983.  It is vested with supervision and care of pre-trial detainees in DOCS facilities, including the Manhattan Detention Complex ("MDC") and facilities on Rikers Island.

8. Defendant Clinton is a county agency and a person subject to suit within the meaning of 42 U.S.C. § 1983.  It is located in Clinton County, New York, and is vested with supervision and care of inmates and pre-trial detainees.

9. Defendant Downstate is a county agency and a person subject to suit within the meaning of 42 U.S.C. § 1983.  It is located in Dutchess County, New York, and is vested with supervision and care of inmates and pre-trial detainees.

10. The true names of Defendants sued herein as Does 1 through 50 are unknown to Plaintiff.  They are Superintendents, Deputy Superintendents, Assistant Deputy

Superintendents, and other supervisory personnel responsible for medical care, including mental health care, at MDC, the Central Punitive Segregation Unit on Rikers Island (the "Bing"), Clinton, and Downstate from February 2009 to February 2010, and Superintendents, Deputy Superintendents, Assistant Deputy Superintendents, and other supervisory personnel responsible for conducting infraction hearings and rendering dispositions at MDC in 2009.

## JURISDICTION AND VENUE

11. This court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1331 and 1343.

12. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(1) and (b)(2).

## FACTUAL ALLEGATIONS

13. When he was twelve years old, Plaintiff Best was diagnosed with bipolar disorder ("BPD"). BPD is a severe and persistent mental illness ("SPMI"). Records indicate that Best also has been diagnosed with schizoaffective disorder and/or antisocial personality disorder, and that he has a history of suicide attempts. Best's last suicide attempt occurred in March 2009, while Best was in Defendants' custody. Best's SPMI can be managed with appropriate medical treatment, including medication and psychiatric counseling and care.

14. The Fourteenth Amendment to the United States Constitution protects pre-trial detainees from cruel and unusual punishment, including the denial of medical care. Under clearly established law, correctional facilities are required to provide pre-trial detainees with adequate mental health care, including screening detainees and inmates for psychiatric disorders, employing an adequate number of qualified mental health staff to treat inmates, and ensuring follow-up care (including medication) for detainees and inmates with known or suspected mental health disorders.

15. On several occasions throughout 2009 and early 2010, Defendants failed or refused to provide Best with adequate medical care, including appropriate medication, counseling, and care, to treat his SPMI, in violation of clearly established law. Further, despite their knowledge of Best's SPMI, DOCS personnel placed Best in solitary confinement in the Central Punitive Segregation Unit on Rikers Island, in violation of clearly established law.

16. On February 15, 2009, Best was arrested and charged with assault in the first degree and attempted assault in the second degree. The charges stemmed from Best's attack on a stranger earlier that evening. Best committed the crime because, having been without appropriate medication, counseling, and care for approximately two months, Best was in a hypermanic state. Symptoms of hypermania include insomnia, paranoia, and hearing voices, all of which Best was experiencing. At the time of the assault, Best had not slept for approximately six days.

17. After his arrest, Best was taken to Bellevue Hospital Center ("Bellevue") and medicated with Seroquel.

18. On February 16, 2009, Best was transferred to the custody DOCS and placed in MDC. Best was known to mental health staff at MDC and MDC was aware of Best's SPMI. Indeed, Best had been held at MDC in late 2008 and again for a brief period in early 2009. During these periods, MDC staff had conducted psychiatric evaluations of Best and prescribed medication to treat Best's SPMI. However, MDC released Best without providing a supply of, or prescription for, appropriate medication or a referral to a facility where Best could receive appropriate counseling and care.

19. On February 17, mental health staff at MDC again conducted a psychiatric assessment of Best. Although records indicate that Best was to "take medication daily for"

bipolar disorder and that medication was prescribed on February 17, Best did not receive any medication until on or about February 26.

20. On February 20, 2009, Best was indicted on charges of assault in the second degree and attempted assault in the first degree. Over his objections, Best's attorney waived his right to testify before the Grand Jury.

21. On or about March 5, 2009, Best was charged with an infraction. On or about March 10, 2009, a disciplinary hearing was held. Best was not permitted to call any witnesses during the hearing and was not provided with any evidence of the alleged violation. Following the hearing, Best was given a copy of the disposition: 90 days in punitive segregation. The disposition was unsigned.

22. On information and belief, an unsigned disposition is not authorized by the adjudicating officer and is therefore null and void. Nonetheless, Best was transferred to the Central Punitive Segregation Unit on Rikers Island, colloquially known as the "Bing"—a five-story building containing only solitary confinement cells—despite the fact that DOCS policy prohibits housing mentally ill inmates in solitary confinement.

23. On March 17, 2009, Best attempted suicide and was taken to Bellevue. After treatment, Bellevue released Best to DOCS custody. DOCS placed Best on "suicide watch" for several days. On information and belief, DOCS personnel then dismissed Best's suicide attempt as "pretextual" and for the purpose of avoiding being returned to the Bing.

24. On or about August 25, 2009, while still doing "Bing time," Best was scheduled to appear in court. DOCS policy and procedure for transporting inmates doing "Bing time" to court includes handcuffing inmates' hands behind their back for transport. Handcuffed inmates are then placed on a plastic seat in a small caged area in the back of the transport

vehicle. They are not secured with a seatbelt. As a result, inmates transported in this manner repeatedly slam against the sides of the cage surrounding the seat because there is nothing to prevent them from sliding forward or being thrown from the seat when the vehicle makes sudden stops or turns and they cannot stabilize themselves.

25. While being transported from Rikers Island to MDC for his court appearance, with his hands cuffed behind his back and without a seat belt, Best suffered injuries to his head, neck, and shoulders. When Best arrived at MDC, his head was bleeding and he required medical attention. He now suffers from migraines.

26. On January 12, 2010, having been without appropriate medication, counseling, and care for his SPMI for several weeks, Best appeared in New York Supreme Court for a plea allocution on the assault charges. Before pleading guilty, Best informed the court that he wished to assert a defense of not guilty by reason of mental disease or defect. The court refused to adjourn the allocution to allow Best to discuss this possible defense with his attorney.

27. During the allocution, the court failed to ask Best whether he was taking any medication or whether there was any medication he should be taking.

28. On January 26, 2010, at sentencing, Best sought to withdraw his guilty plea as involuntary, on the ground that he was not receiving appropriate treatment for his SPMI. The Court denied this request. As a result, Best was sentenced to eight years in prison followed by a term of five years post-release supervision.

### FIRST CAUSE OF ACTION
**Constitutional and Civil Rights Pursuant to 42 U.S.C. Section 1983
Violation of the Fourteenth Amendment Right to Adequate Medical Care
(against all Defendants)**

29. Plaintiff Best repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth here.

30. Best suffers from a serious medical condition—a severe and persistent mental illness.

31. At all relevant times, Best was in the custody and care of Defendants as a pre-trial detainee.

32. The Due Process Clause of the Fourteenth Amendment to the United States Constitution entitles pre-trial detainees to adequate medical care, including screening for psychiatric disorders, employing an adequate number of qualified mental health staff to treat inmates, and ensuring follow-up care (including medication) for detainees and inmates with known or suspected mental health disorders.

33. Defendants failed to provide Best with adequate medical care, including appropriate medication, counseling, and follow-up care.

34. Defendants' failure to provide Best with adequate medical care was the result of their deliberate indifference to the risk of serious harm due to Best's medical condition.

35. As a direct and proximate result of Defendants' deliberate indifference, Best has suffered and continues to suffer injury, including, without limitation, serious physical, psychological and emotional harm, and mental anguish.

### SECOND CAUSE OF ACTION
**Constitutional and Civil Rights Pursuant to 42 U.S.C. Section 1983
Violation of the Fourteenth Amendment Right to Due Process of Law
(against DOCS and Doe Defendants employed by DOCS)**

36. Plaintiff Best repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth here.

37. At all relevant times, Best was in the custody and care of DOCS as a pre-trial detainee.

38. The Due Process Clause of the Fourteenth Amendment to the United States Constitution guarantees pre-trial detainees the right to be free from punitive segregation unless a pre-deprivation hearing is held.  Specifically, before being placed in punitive segregation, a pre-trial detainee is entitled to the following:

> (i) written notice of the charges against him and the factual allegations in support of the charges;
>
> (ii) presentation of the evidence against him;
>
> (iii) the opportunity to present witnesses and evidence in his defense; and
>
> (iv) a signed disposition.

39. During the disciplinary hearing on March 10, 2009, Defendant DOCS and Doe Defendants employed by DOCS refused Best the opportunity to call witnesses and failed to confront Best with the evidence against him.  Defendant DOCS and Doe Defendants employed by DOCS further failed to give Best a signed disposition, in violation of clearly established law.

40. Defendants' conduct violated the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

41. As a direct and proximate result of Defendants' violation of the Due Process Clause, Best has suffered and continues to suffer injury, including, without limitation, serious physical, psychological and emotional harm, and mental anguish.

WHEREFORE, Best demands judgment as follows:

1. General and nominal damages according to proof;

2. special damages according to proof;

3. reasonable attorneys' fees, costs and expenses pursuant to 42 U.S.C. § 1988 and other applicable law; and

4. such other and further relief as the Court may deem just and proper.

- 9 -

Dated: New York, New York  　　　　　SULLIVAN & WORCESTER LLP
March 13, 2015

　　　　　　　　　　　　　　　　　By:     /s/ Siobhan Briley
　　　　　　　　　　　　　　　　　　　Franklin B. Velie, Esq.
　　　　　　　　　　　　　　　　　　　Siobhan Briley, Esq.
　　　　　　　　　　　　　　　　　1633 Broadway, 32nd Floor
　　　　　　　　　　　　　　　　　New York, New York 10019
　　　　　　　　　　　　　　　　　Tel: (212) 660-3000
　　　　　　　　　　　　　　　　　Fax: (212) 660-3001

　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff Sean Best*