

|  | THE CITY OF NEW YORK | |
|---|---|---|
| ZACHARY W. CARTER<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | OMAR H. TUFFAHA<br>Phone: (212) 356-0896<br>Fax: (212) 356-2439<br>otuffaha@law.nyc.gov<br>(not for service) |

May 5, 2015

**VIA ECF**
Honorable Sarah Netburn
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

    Re: <u>Sean Best v. PHS/OMH Discharge Planning – John Doe, et al.</u>
       13 Civ. 0163 (JPO) (SN)

Dear Judge Netburn:

    I am the Assistant Corporation Counsel assigned to the above-referenced matter. I write to respectfully request: (1) a 60-day extension of the deadline to complete fact discovery, from May 7, 2015 to July 6, 2015; and (2) that the Court hold a status conference for the reasons set forth below.

    By way of background, Plaintiff commenced this action proceeding *pro se*, alleging: (1) that New York City ("City") officials failed to provide discharge planning upon his release from the custody of the New York City Department of Correction ("DOC"); and (2) that he was denied adequate medical care while in DOC custody. Defendants filed a motion to dismiss Plaintiff's claims which the Honorable J. Paul Oetken granted in part and denied in part. The Court dismissed Plaintiff's discharge planning claims but allowed Plaintiff to proceed with respect to his claims of inadequate medical care. The sole remaining claims following Judge Oetken's March 28, 2014 Opinion and Order are Plaintiff's claims that he was denied adequate medical care on two occasions — once in February 2009 and once in January 2010. Judge Oetken further dismissed all individual defendants from the action, leaving the City and Prison Health Services (PHS) as the only remaining defendants. <u>See</u> ECF No. 38.

    Your Honor held an Initial Pretrial Conference with the parties on November 7, 2014, at which a Civil Case Management Plan and Scheduling Order was established ("Case Management Plan"). At the conference, Your Honor granted Plaintiff's request for *pro bono* counsel and indicated in the Case Management Plan that the Court would revisit the need for additional scheduling in the event that *pro bono* counsel were to appear. <u>See</u> ECF No. 54. On

January 20, 2015, Siobhan Briley, Esq. of the law firm Sullivan & Worcester LLP filed a notice of appearance as *pro bono* counsel for Plaintiff.

Pursuant to the Case Management Plan, Defendants served Initial Disclosures, Interrogatories, and Requests for Production of Documents on December 24, 2014.  On March 13, 2015, Ms. Briley served Plaintiff's Initial Disclosures and Responses and Objections to Defendants' Interrogatories and Requests for Production of Documents.  Plaintiff has not yet served discovery requests, although I understand from Ms. Briley that she intends to serve requests shortly.

On March 18, 2015, Plaintiff, through counsel, filed a Third Amended Complaint, which names as Defendants: (1) City of New York Department of Correction; (2) Clinton Correctional Facility; (3) Downstate Correctional Facility; and (4) Does 1 through 50. See ECF No. 71.  Neither the City nor PHS were named and the sole municipal defendant named in the caption is DOC, which is a non-suable entity. See, e.g., Downing v. City of New York, No. 13 Civ. 4247, 2013 U.S. Dist. LEXIS 145483, at *7 (Oct. 3, 2013).   The remaining defendants named in the caption, aside from the John Does, are non-City facilities that are operated by the New York State Department of Corrections and Community Supervision.  These facilities have not yet been served and no one has appeared on their behalf to date.

As an additional matter, the Third Amended Complaint incorporates the claims of a separate action commenced by Plaintiff that is pending in the Southern District of New York, Best v. NYC DOCS, et al., 12 Civ. 7028 (KMK), in which Plaintiff alleges that his due process rights were violated in connection with disciplinary proceedings while in DOC custody.  The claims in that action have not previously been at issue in this action and were not within the scope of discovery at the time the Case Management Plan was set.

In light of the foregoing, I respectfully request a 60-day extension of the deadline to complete fact discovery and further request that the Court schedule a status conference to discuss the scope of discovery in light of the Third Amended Complaint and the appearance of *pro bono* counsel.

Plaintiff's counsel joins in these requests.  This is the first request for an extension of the deadline to complete discovery in this matter.

Thank you for your consideration of this matter.

Respectfully,

s/

Omar H. Tuffaha
Assistant Corporation Counsel

cc:   By ECF
       Siobhan Briley, Esq.
       *Attorney for Plaintiff*