UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――― X
SEAN BEST,                                      :
                                                :
                     Plaintiff,                 :     13 Civ. 00163 (JPO)(SN)
                                                :
         -against-                              :     **FOURTH AMENDED**
                                                :     **COMPLAINT**
CITY OF NEW YORK, OMH/PHS, and CORIZON          :
HEALTH SERVICES,                                :
                                                :
                     Defendants.                :
                                                :
                                                :
                                                :
                                                :
―――――――――――――――――――――――――― X

Plaintiff Sean Best ("Best" or "Plaintiff"), as and for his Complaint against Defendants, alleges as follows.

## NATURE OF THE ACTION

1.      This is an action under 42 U.S.C. § 1983.  Plaintiff seeks compensatory damages for Defendants' failure to provide adequate medical care in violation of the Eighth and Fourteenth Amendments to the United States Constitution.

2.      From February 2009 until on or about January 26, 2010, Best was a pre-trial detainee in the custody and care of the New York City Department of Correction ("DOC"). Beginning on January 27, 2010, when he was sentenced, Best was a state prisoner in the custody and care of DOC and various state correctional facilities.

3.      OMH/PHS and/or Corizon Health Services ("Corizon") provides medical care to inmates in DOC custody and care.

4.      As a direct result of the policies, practices, customs and procedures of DOC, Corizon, and OMH/PHS, and as a direct result of Defendants' deliberate indifference to his serious medical condition, Best was deprived of his constitutional right to appropriate

medication, counseling, and care for a severe and persistent mental illness ("SPMI") and consequently suffered physical injuries, mental anguish, and emotional distress.

## PARTIES

5. Plaintiff Sean Best is a 33-year-old man. Since February 2009, he has been incarcerated in the State of New York.

6. Defendant City of New York is a person subject to suit within the meaning of 42 U.S.C. § 1983. It is vested with supervision and care of pre-trial detainees in DOC facilities, including the Manhattan Detention Complex ("MDC") and the facilities on Rikers Island.

7. Defendant OMH/PHS is an agent of the City of New York. OMH/PHS provides health care services, including mental health care, to inmates housed in DOC facilities.

8. Defendant Corizon is an agent of the City of New York. Corizon provides health care services, including mental health care, to inmates housed in DOC facilities.

## JURISDICTION AND VENUE

9. This court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1331 and 1343.

10. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(1) and (b)(2).

## FACTUAL ALLEGATIONS

11. When he was twelve years old, Plaintiff Best was diagnosed with bipolar disorder ("BPD"). BPD is a severe and persistent mental illness ("SPMI"). Records indicate that Best also has been diagnosed with schizoaffective disorder and/or antisocial personality disorder, and that he has a history of suicide attempts. Best's last suicide attempt occurred in March 2009, while Best was in Defendants' custody. Best's SPMI can be managed with appropriate medical treatment, including medication and psychiatric counseling and care.

- 3 -

12. The Fourteenth Amendment to the United States Constitution protects pre-trial detainees from cruel and unusual punishment, including the denial of medical care. Under clearly established law, correctional facilities are required to provide pre-trial detainees with adequate mental health care, including screening for psychiatric disorders, employing an adequate number of qualified mental health staff to treat inmates, and ensuring follow-up care (including medication) for detainees and inmates with known or suspected mental health disorders.

13. The Eighth Amendment to the United States Constitution protects inmates from cruel and unusual punishment, including the denial of medical care. Under clearly established law, correctional facilities are required to provide inmates with adequate mental health care, including screening for psychiatric disorders, employing an adequate number of qualified mental health staff to treat inmates, and ensuring follow-up care (including medication) for detainees and inmates with known or suspected mental health disorders.

14. On several occasions throughout 2009 and early 2010, Defendants DOC, OMH/PHS, and Corizon failed or refused to provide Best with adequate medical care, including appropriate medication, counseling and care, to treat his SPMI, in violation of clearly established law. Further, despite their knowledge of Best's SPMI, DOC personnel placed Best in solitary confinement in the Central Punitive Segregation Unit on Rikers Island, in violation of clearly established law.

15. On information and belief, Defendants failed to provide an adequate number of qualified mental health staff to evaluate, diagnose, and treat inmates with known or suspected mental health disorders.

16. On information and belief, Defendants failed to properly diagnose inmates' mental health disorders and to consistently provide medication to inmates with known or suspected mental health disorders for whom medication had been prescribed.

17. On February 15, 2009, Best was arrested and charged with assault in the first degree and attempted assault in the second degree. The charges stemmed from Best's attack on a stranger earlier that evening. Best committed the crime because, having been without appropriate medication, counseling, and care for approximately two months, Best was in a hypermanic state. Symptoms of hypermania include insomnia, paranoia, and hearing voices, all of which Best was experiencing. At the time of the assault, Best had not slept for approximately six days.

18. After his arrest, Best was taken to Bellevue Hospital Center ("Bellevue") and medicated with Seroquel.

19. On February 16, 2009, Best was transferred to the custody DOC and placed in MDC. Best was known to mental health staff at MDC. DOC, OMH/PHS, and Corizon were aware of Best's SPMI. Indeed, Best had been held at MDC in late 2008 and again for a brief period in early 2009. During these periods, MDC staff had conducted psychiatric evaluations of Best and prescribed medication to treat Best's SPMI. However, MDC released Best without providing a supply of, or prescription for, appropriate medication or a referral to a facility where Best could receive appropriate counseling and care.

20. On February 17, mental health staff at MDC again conducted a psychiatric assessment of Best. Although records indicate that Best was to "take medication daily for" bipolar disorder and that medication was prescribed on February 17, Best did not receive any medication until on or about February 26.

- 5 -

21. On February 20, 2009, Best was indicted on charges of assault in the second degree and attempted assault in the first degree. Over his objections, Best's attorney waived his right to testify before the Grand Jury.

22. On or about March 5, 2009, while housed in MDC, Best was charged with an infraction. On or about March 10, 2009, following a disciplinary hearing, Best was given a disposition: 90 days in punitive segregation. Best was transferred to the Central Punitive Segregation Unit on Rikers Island, colloquially known as the "Bing"—a five-story building containing only solitary confinement cells—despite the fact that DOC policy prohibits housing mentally ill inmates in solitary confinement.

23. On March 17, 2009, Best attempted suicide and was taken to Bellevue. After treatment, Bellevue released Best to DOC custody. OMH/PHS and/or Corizon placed Best on "suicide watch" for several days. On information and belief, OMH/PHS and/or Corizon then dismissed Best's suicide attempt as "pretextual" and for the purpose of avoiding being returned to the Bing.

24. On or about August 25, 2009, while still doing "Bing time," Best was scheduled to appear in court. DOC policy and procedure for transporting inmates doing "Bing time" to court includes handcuffing inmates' hands behind their back for transport. Handcuffed inmates are then placed on a plastic seat in a small caged area in the back of the transport vehicle. They are not secured with a seatbelt. As a result, inmates transported in this manner repeatedly slam against the sides of the cage surrounding the seat because there is nothing to prevent them from sliding forward or being thrown from the seat when the vehicle makes sudden stops or turns and they cannot stabilize themselves.

25. While being transported from Rikers Island to MDC for his court appearance, with his hands cuffed behind his back and without a seat belt, Best suffered injuries to his head, neck, and shoulders. When Best arrived at MDC, his head was bleeding and he required medical attention. He now suffers from migraines.

26. On information and belief, from August 2009 to the end of January 2010, DOC, OMH/PHS, and Corizon failed to provide Best with appropriate medication and/or treatment for his SPMI for weeks at a time.

27. On January 12, 2010, having been without appropriate medication, counseling, and care for his SPMI for several weeks, Best appeared in Supreme Court, New York County, for a plea allocution on the assault charges. Before pleading guilty, Best informed the court that he wished to assert a defense of not guilty by reason of mental disease or defect. The court refused to adjourn the allocution to allow Best to discuss this possible defense with his attorney.

28. During the allocution, the court failed to ask Best whether he was taking any medication or whether there was any medication he should be taking.

29. On January 26, 2010, at sentencing, Best sought to withdraw his guilty plea as involuntary, on the ground that he was not receiving appropriate treatment for his SPMI. The Court denied this request. As a result, Best was sentenced to eight years in prison followed by a term of five years post-release supervision.

**DAMAGES**

30. As a direct and proximate result of Defendants' misconduct, Best suffered the following injuries and damages:

    (i)    Violation of his rights pursuant to the Eighth and Fourteenth Amendments to the U.S. Constitution to be free from cruel and unusual punishment;

(ii) Conscious and needless physical pain and suffering; and

(iii) Extreme emotional trauma and distress.

## FIRST CAUSE OF ACTION
### Constitutional and Civil Rights Pursuant to 42 U.S.C. Section 1983
### *Monell* Claim

31. Plaintiff Best repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth here.

32. Best suffers from a serious medical condition—a severe and persistent mental illness.

33. At all relevant times, Best was in the custody and care of the City of New York as a pre-trial detainee and/or as an inmate.

34. Defendants DOC, OMH/PHS, and Corizon, through their policy makers, condoned, permitted, encouraged, and/or ratified departmental policies, practices and/or customs to permit OMH/PHS and/or Corizon to recklessly disregard the serious medical needs of inmates with known or suspected mental health disorders. There exists a pattern and practice in effect at DOC facilities, including MDC and Rikers Island, of failing to provide adequate medical treatment, including appropriate medication, counseling and follow-up care for inmates with known or suspected mental health disorders, at DOC facilities.

35. Defendants DOC, OMH/PHS, and Corizon, themselves and through their agents, acted with deliberate indifference by failing to provide appropriate medication, counseling and follow-up care for inmates with known or suspected mental health disorders, at DOC facilities.

36. The policies, practices and/or customs of Defendants serve to ratify or tacitly authorize the unconstitutional actions of the employees, and agents of Defendants caused Best to suffer constitutional deprivations and were the moving force behind these deprivations.

37. As a direct and proximate result of Defendants' policies, practices, and/or customs, Best has suffered and continues to suffer injury, including serious physical, psychological and emotional harm, and mental anguish.

## SECOND CAUSE OF ACTION
### Constitutional and Civil Rights Pursuant to 42 U.S.C. Section 1983
### Deliberate Indifference to Serious Medical Needs

38. Plaintiff Best repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth here.

39. Defendants consciously disregarded known risks posed by Best's SPMI by, among other things, failing to provide qualified personnel to treat Best's SPMI, failing to provide appropriate medication, counseling and follow-up care to treat Best's SPMI, and housing Best in the "Bing."

40. As a direct and proximate result of Defendants' deliberate indifference, Best has suffered and continues to suffer injury, including serious physical, psychological and emotional harm, and mental anguish.

WHEREFORE, Best demands judgment as follows:

1. General and nominal damages according to proof;

2. special damages according to proof;

3. reasonable attorneys' fees, costs and expenses pursuant to 42 U.S.C. § 1988 and other applicable law; and

4. such other and further relief as the Court may deem just and proper.

- 9 -

| | |
|---|---|
| Dated: New York, New York<br>    May 29, 2015 | SULLIVAN & WORCESTER LLP<br><br>By:   /s/ Siobhan Briley<br>    Franklin B. Velie, Esq.<br>    Siobhan Briley, Esq.<br>1633 Broadway, 32nd Floor<br>New York, New York 10019<br>Tel: (212) 660-3000<br>Fax: (212) 660-3001<br><br>*Attorneys for Plaintiff Sean Best* |