UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

SEAN BEST,

                              Plaintiff,         13 Civ. 0163 (JPO) (SN)

      -against-

CITY OF NEW YORK, OMH/PHS, and CORIZON HEALTH SERVICES,

**ANSWER TO FOURTH AMENDED COMPLAINT**

                              Defendants.

------------------------------------------------------------------ x

        Defendants City of New York ("City") and Corizon Health Services, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their Answer to the Fourth Amended Complaint, respectfully allege as follows:

        1. Deny the allegations set forth in paragraph "1" of the Fourth Amended Complaint, except admit that Plaintiff purports to proceed as set forth therein.

        2. Deny the allegations set forth in paragraph "2" of the Fourth Amended Complaint, except admit that Plaintiff was in the custody of the New York City Department of Correction ("DOC") for periods of time between February 2009 and January 26, 2010.

        3. Deny the allegations set forth in paragraph "3" of the Fourth Amended Complaint and affirmatively state that Corizon is a private entity that provides medical services to inmates in DOC facilities.

        4. Deny the allegations set forth in paragraph "4" of the Fourth Amended Complaint.

- 2 -

5. Admit, upon information and belief, the allegations set forth in paragraph "5" of the Fourth Amended Complaint insofar as Plaintiff is a 33-year-old man and has been incarcerated within the State of New York since February 16, 2009.

6. Deny the allegations set forth in paragraph "6" of the Fourth Amended Complaint and respectfully refer the Court to the statutory provision referenced therein for a complete and accurate statement of its content.

7. Deny the allegations set forth in paragraph "7" of the Fourth Amended Complaint.

8. Deny the allegations set forth in paragraph "8" of the Fourth Amended Complaint and affirmatively state that Corizon is a private entity that provides medical services to inmates in DOC facilities.

9. Deny the allegations set forth in paragraph "9" of the Fourth Amended Complaint, except admit that Plaintiff seeks to invoke the Court's jurisdiction as stated therein.

10. Deny the allegations set forth in paragraph "10" of the Fourth Amended Complaint, except admit that Plaintiff seeks to lay venue in this judicial district as stated therein.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Fourth Amended Complaint, except admit that Plaintiff has been diagnosed with bipolar disorder.

12. Deny the allegations set forth in paragraph "12" of the Fourth Amended Complaint and respectfully refer the Court to the constitutional amendment referenced therein for a complete an accurate statement of its content.

13. Deny the allegations set forth in paragraph "13" of the Fourth Amended Complaint and respectfully refer the Court to the constitutional amendment referenced therein for a complete an accurate statement of its content.

14. Deny the allegations set forth in paragraph "14" of the Fourth Amended Complaint.

15. Deny the allegations set forth in paragraph "15" of the Fourth Amended Complaint.

16. Deny the allegations set forth in paragraph "16" of the Fourth Amended Complaint.

17. Deny the allegations set forth in paragraph "17" of the Fourth Amended Complaint, except admit that Plaintiff was arrested on February 15, 2009, and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the symptoms of hypermania experienced by Plaintiff and whether Plaintiff had not slept for approximately six days.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Fourth Amended Complaint, except admit that Plaintiff was taken to Bellevue Hospital after his February 15, 2009 arrest.

19. Deny the allegations set forth in paragraph "19" of the Fourth Amended Complaint, except admit that Plaintiff was housed at the Manhattan Detention Complex for periods of time in 2008 and 2009 and was housed there on February 16, 2009, and deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second and fourth sentences of the paragraph.

20. Deny the allegations set forth in paragraph "20" of the Fourth Amended Complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Fourth Amended Complaint.

22. Deny the allegations set forth in paragraph "22" of the Fourth Amended Complaint, except admit that Plaintiff was charged with an infraction for an incident on March 5, 2009, received a sentenced of 90 days, and was given a Hearing Report and Notice of Disposition dated March 10, 2009.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Fourth Amended Complaint, except admit that Plaintiff was taken to Bellevue on or about March 17 or 18, 2009.

24. Deny the allegations set forth in paragraph "24" of the Fourth Amended Complaint.

25. Deny the allegations set forth in paragraph "25" of the Fourth Amended Complaint.

26. Deny the allegations set forth in paragraph "26" of the Fourth Amended Complaint.

27. Deny the allegations set forth in paragraph "27" of the Fourth Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the description of the Court proceeding.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Fourth Amended Complaint.

- 5 -

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Fourth Amended Complaint, except admit that on January 26, 2010, Plaintiff was sentenced to eight years in prison and a term of five years post-release supervision.

30. Deny the allegations set forth in paragraph "30" of the Fourth Amended Complaint.

31. In response to the allegations set forth in paragraph "31" of the Fourth Amended Complaint, Defendants repeat and reallege the responses set forth in paragraphs "1" through "30" above as if fully set forth herein.

32. Deny the allegations set forth in paragraph "32" of the Fourth Amended Complaint.

33. Deny the allegations set forth in paragraph "33" of the Fourth Amended Complaint.

34. Deny the allegations set forth in paragraph "34" of the Fourth Amended Complaint.

35. Deny the allegations set forth in paragraph "35" of the Fourth Amended Complaint.

36. Deny the allegations set forth in paragraph "36" of the Fourth Amended Complaint.

37. Deny the allegations set forth in paragraph "37" of the Fourth Amended Complaint.

38. In response to the allegations set forth in paragraph "38" of the Fourth Amended Complaint, Defendants repeat and reallege the responses set forth in paragraphs "1" through "37" above as if fully set forth herein.

39. Deny the allegations set forth in paragraph "39" of the Fourth Amended Complaint.

40. Deny the allegations set forth in paragraph "40" of the Fourth Amended Complaint.

**FOR A FIRST DEFENSE:**

41. The Fourth Amended Complaint fails to state a claim upon which relief can be granted.

**FOR A SECOND DEFENSE:**

42. Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York, or any political subdivision thereof.

**FOR A THIRD DEFENSE:**

43. Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

**FOR A FOURTH DEFENSE:**

44. Plaintiff is not entitled to compensatory relief for mental or emotional injury under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e).

**FOR A FIFTH DEFENSE:**

45. Some or all of Plaintiff's claims are time-barred.

**FOR A SIXTH DEFENSE:**

46. At all times relevant to the acts alleged in the Fourth Amended Complaint, Defendants acted reasonably, properly, lawfully, and in good faith.

**FOR AN EIGHTH DEFENSE:**

47. Some or all of the relief that Plaintiff seeks is unavailable to him pursuant to the doctrine set forth in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).

**WHEREFORE,** Defendants request judgment dismissing the Fourth Amended Complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated:	New York, New York
	June 15, 2015

			ZACHARY W. CARTER
			Corporation Counsel of the
			  City of New York
			Attorney for Defendants
			100 Church Street, Room 2-113
			New York, New York 10007
			(212) 356-0896

		By:	_____s/_____
			OMAR H. TUFFAHA
			Assistant Corporation Counsel

TO:	Siobhan Briley, Esq.
	Attorney for Plaintiff
	(via ECF)